MICHELE M. BETTI, ESQ. (SBN 204939)
LAW OFFICES OF BETTI & ASSOCIATES
1732 Knoll Field Way
Encinitas, CA 92024
Telephone: (760) 500-5451
Facsimile: (760) 454-2204
Email: mbettilaw@gmail.com

Attorneys for Plaintiff
ERIC NORWOOD

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Eric Norwood, | Case No. **CV10 7944 GAF (MANx)** |
| Plaintiff, | |
| v. | **COMPLAINT FOR:** |
| Children And Youth Services Inc., West Ridge Academy and DOES 1 through 100, inclusive, | 1. **CHILDHOOD SEXUAL ABUSE;**<br>2. **NEGLIGENCE;**<br>3. **NEGLIGENT SUPERVISION;**<br>4. **NEGLIGENT HIRING/RETENTION;**<br>5. **NEGLIGENT FAILURE TO WARN, TRAIN, OR EDUCATE PLAINTIFF**<br>6. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**<br>7. **VIOLATION OF PENAL CODE § 236;**<br>8. **VIOLATION OF PENAL CODE § 237.** |
| Defendants. | **[Demand for Jury Trial]** |

Based upon information and belief available to Plaintiff at the time of the filing of this Complaint, Plaintiff makes the following allegations:

<u>PARTIES</u>

1.     Plaintiff Eric Norwood ("Plaintiff") is and was at all times relevant a citizen of California residing in Los Angeles County, California. Plaintiff was born on October 24, 1984, and is

Complaint - 1

currently 25 years old.  Plaintiff was a minor between the ages of 15 to 18 years old at the time the sexual and physical abuse alleged herein occurred.

2.      Defendant Children And Youth Services Inc., (employer identification number 870265761) is also known as West Ridge Academy.  West Ridge Academy was known as the Utah Boys Ranch from 1964 to 2005.  It changed its name to West Ridge Academy after allegations of abuse at the Utah Boys Ranch.

Defendant Children And Youth Services Inc., West Ridge Academy/Utah Boys Ranch ("West Ridge Academy/Utah Boys Ranch") is a citizen of the State of Utah pursuant to 28 U.S.C.A. § 1332 (West).  Defendant is a corporation incorporated in the State of Utah, and has its principal place of business at 5500 Bagley Park Rd, West Jordan, Utah 84081.

2.1     Brent Sanderson ("Perpetrator Sanderson") was at all times relevant a staff member of West Ridge Academy/Utah Boys Ranch.

2.2     Chris Teehan ("Perpetrator Teehan") was at all times relevant a staff member of West Ridge Academy/Utah Boys Ranch.

2.3     Michael Ruoho ("Perpetrator Ruoho") was at all times relevant a staff member and clinician of West Ridge Academy/Utah Boys Ranch.

2.4     Daniel Bartlett ("Perpetrator Bartlett") was at all times relevant a staff member of West Ridge Academy/Utah Boys Ranch.

2.5     Paul Keene ("Perpetrator Keene") was at all times relevant a staff member and principal of West Ridge Academy/Utah Boys Ranch.

2.6     Darryl Small ("Perpetrator Small") was at all times relevant a staff member and clinician of West Ridge Academy/Utah Boys Ranch.

2.7     Chris Buttars ("Perpetrator Buttars") was at all times relevant a staff member and the Executive Director of West Ridge Academy/Utah Boys Ranch.

2.8     Kim and Paul Fowler ("Perpetrator Fowlers") were at all times relevant staff members and home parents of Plaintiff at the West Ridge Academy/Utah Boys Ranch.

2.9     Brian Young ("Perpetrator Young") was at all times relevant a staff member and Brent Sanderson's direct supervisor of West Ridge Academy/Utah Boys Ranch.

2.10    Barry McArthur ("Perpetrator McArthur") was at all times relevant a staff member of West Ridge Academy/Utah Boys Ranch.

2.11    Dustin Hinson ("Perpetrator Hinson") was at all times relevant a staff member and      the "A-Home Parent" of West Ridge Academy/Utah Boys Ranch.

2.12    Brice Cuervo ("Perpetrator Cuervo") was at all times relevant a staff member of West Ridge Academy/Utah Boys Ranch and Dustin Hinson's supervisor.

2.13    James McMasters ("Perpetrator McMasters") was at all times relevant a staff member of West Ridge Academy/Utah Boys Ranch and was Michael Ruoho's direct supervisor.

2.14    The above listed perpetrators and staff members – Sanderson, Teehan, Ruoho, Bartlett, Keene, Small, Buttars, Kim and Paul Fowler, Young, McArthur, Hinson, Cuervo, and McMasters committed acts of abuse against Plaintiff from approximately February 14, 2000 to October 24, 2002 at West Ridge Academy/Utah Boys Ranch.  They are some times hereinafter referred to as the "Perpetrators."

3.    The district court has original jurisdiction of this civil action in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the matter is between citizens of different States pursuant to 28 U.S.C.A. § 1332 (West).  A corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.  28 U.S.C.A. § 1332 (West).  Defendant Children And Youth Services Inc., West Ridge Academy/Utah Boys Ranch is a citizen of the State of Utah pursuant to 28 U.S.C.A. § 1332 (West).  Defendant is a corporation incorporated in the State of Utah, and has its principal place of business at 5500 Bagley Park Rd, West Jordan, Utah 84081.  Plaintiff Eric Norwood is a citizen of the State of California.  Therefore, this district court has original jurisdiction over this civil action.

4.    During the dates of abuse, the Perpetrators were assigned to, working at, and/or performing services for Defendant Children And Youth Services Inc., West Ridge Academy/Utah Boys Ranch, and Does 1 through 100, and were under the direct supervision, employment and control of Defendant Children And Youth Services Inc., West Ridge Academy/Utah Boys Ranch and Does 1 through 100.

5.      Defendant Does 1 through 100, inclusive, are individuals and/or business or corporate entities incorporated in and/or doing business in Utah whose true names and capacities are unknown to Plaintiff who therefore sues such defendants by such fictitious names, and who will amend the Complaint to show the true names and capacities of each such Doe defendant when ascertained.  Each such Defendant Doe is legally responsible in some manner for the events, happenings and/or tortious and unlawful conduct that caused the injuries and damages alleged in this Complaint.  Defendant Children And Youth Services Inc., West Ridge Academy/Utah Boys Ranch and Does 1 through 100 are some times hereinafter referred to as the "Defendants."

6.      Each Defendant is the agent, servant and/or employee of other Defendants, and each Defendant was acting within the course and scope of his, her or its authority as an agent, servant and/or employee of the other Defendants.  Defendants, and each of them, are individuals, corporations, partnerships and other entities which engaged in, joined in and conspired with the other wrongdoers in carrying out the tortious and unlawful activities described in this Complaint, and Defendants, and each of them, ratified the acts of the other Defendants as described in this Complaint.

7.      Plaintiff is informed and believes, and on that basis alleges, that the Perpetrators, were at all times mentioned herein an agent, employee, or servant of the Defendants, and/or were under the jurisdiction and control of the Defendants.

8.      Plaintiff is informed and believes, and on that basis alleges, the Perpetrators molested and abused minor students from West Ridge Academy/Utah Boys Ranch owned, operated, and controlled by the Defendants.  The Plaintiff is informed and believes, and on that basis alleges, that Defendants were aware of, had notice of, and should have known of the molestations, sexual and physical abuse by the Perpetrators.  For example, Plaintiff is informed and believes, and on that basis alleges, the following:

A.      That on or about February 14, 2000, Perpetrators Keene and McArthur (staff members of West Ridge Academy/Utah Boys Ranch) under direct order by the Defendants, kidnapped Plaintiff from his grandmother's home in Agoura, California in the middle of the night.  Plaintiff was handcuffed and threatened with bodily harm if he did not comply.

B.      Upon arriving at the Ranch, Perpetrator Keene and other staff members repeatedly punched Plaintiff in the forehead and on countless occasions wrapped Plaintiff up in duct tape binding his arms to his body.  Michelle Buttars-Edvick, the school secretary, Penny Allison, the math teacher, Brian Jackson, the history teacher, Davis Ballard the assistant principle, and countless students all saw Keene and other staff members repeatedly physically abuse Plaintiff.

C.      Perpetrator Small, a clinician at West Ridge Academy/Utah Boys Ranch, wrestled Plaintiff into submission in Mike Ruoho's office.  Ruoho, Plaintiff's therapist at the Ranch, witnessed this attack.  Ruoho witnessed Small at a later date threaten Plaintiff with a fist fight in front of an entire group of boys in Plaintiff's group home.

D.      Perpetrators Sanderson and Teehan were the two main "Work Crew" staff at West Ridge Academy/Utah Boys Ranch.  From on or about 2000 to 2002, when Plaintiff was held against his will at the Utah Boys Ranch, Sanderson asked his co-worker Teehan to take the rest of the work crew boys down to the cafeteria leaving Sanderson and Plaintiff alone in Mrs. Gerber's classroom.  Without provocation, Sanderson grabbed Plaintiff's rope leash and bound Plaintiff's arms to his body.  Sanderson picked Plaintiff up and slammed him into the ground driving his knees into Plaintiff's back.  Sanderson then fish-hooked Plaintiff by sticking his finger into Plaintiff's mouth and put his hand under Plaintiff's nose pulling it back.  Sanderson while taunting and sexually grinding on Plaintiff told Plaintiff that none of these acts would leave any visible marks.  Plaintiff was crying and pleading with Sanderson to get off of him.  Some time thereafter Plaintiff told Kim Fowler, a staff member and Plaintiff's "home parent," about the abuse.  Brent Sanderson is currently employed at West Ridge Academy.

E.      In the summer of 2002, a fellow resident at the Utah Boys Ranch gave Plaintiff a five dollar bill, because Plaintiff told him he was planning on trying to escape the facility after being physically assaulted by a staff member named Chris Teehan.  This resident, Ryne Carlson, later told a staff member that Plaintiff had the five dollars, which was considered contraband at the Utah Boys Ranch.  Plaintiff was approached by Michael Ruoho, his therapist, who questioned Plaintiff about the money.  Plaintiff had hid the money earlier that morning in a bathroom stall in C-Home.  After denying any knowledge of the money for awhile, Plaintiff

finally confessed and told Ruoho where he hid the money.  Michael Ruoho with Daniel Bartlett, another staff member, escorted Plaintiff to a storage closet in the cafeteria where all the tables and chairs were kept.  Brent Sanderson who was a "Work Crew" staff member asked if he could join.  All three men forced Plaintiff into the storage closet and shut the door.  Plaintiff was in a blanket dress and rope-leash.  Plaintiff feared he was going to get beaten and raped.  Ruoho instructed Daniel Bartlett to get his clippers that he used to shave the heads of the new boys when they arrived.  When Daniel Bartlett returned with the electric hair clippers, he grabbed Plaintiff's head and shaved off the eyebrow over his left eye.  Bartlett asked Ruoho if he should shave the other.  Sanderson watched as Ruoho asked Plaintiff if he still planned on running away.  Plaintiff said he wouldn't and Ruoho instructed Sanderson to take Plaintiff back to "Work Crew."  Ruoho told Sanderson that he could strip search Plaintiff whenever he felt it necessary. Sanderson smirked and took Plaintiff's rope leash and paraded him back out to the cafeteria, where everyone, including other staff members, started laughing.

Later that night, while Work Crew was being let into the bathroom individually to use the toilets, Sanderson told Plaintiff to go into the bathroom and take off his blanket dress and shirt after everyone else had used it.  Sanderson then walked in and closed the door behind him. Plaintiff stood there terrified in his boxer shorts.  Sanderson told Plaintiff to drop his shorts. Plaintiff dropped them covering all of his private parts with his hand.  Sanderson told Plaintiff to remove his hand.  Plaintiff looked at Sanderson wanting to protest, but Sanderson scared Plaintiff so much so that he complied and took his hand away for a few seconds then covered himself again with his hands.  Sanderson moved closer to Plaintiff and told him to lift up his scrotum to show him nothing was underneath.  Plaintiff reluctantly complied then returned his hand to cover his genitals.  Sanderson grabbed Plaintiff's arm and violently pulled it away.  Plaintiff feared Sanderson was about to "restrain" him as he did before in Mrs. Gerber's classroom and slam him into the ground, but instead Sanderson grabbed Plaintiff's penis and testicles and started fondling them.  Sanderson held Plaintiff's genitals in his hand for about thirty seconds, then let go.  He then told Plaintiff to turn around and spread his butt cheeks.  Plaintiff feared Sanderson was going to rape him.  Plaintiff turned around and spread his butt cheeks.  Sanderson pushed

Plaintiff's upper back forward forcing him to bend over further then ran his hand along Plaintiff's butt crack. After that, Sanderson told Plaintiff he had twenty seconds to get dressed and be out of the bathroom and in line with the rest of Work Crew.

F.     Thereafter, between 2000 and 2002, there were two other instances of sexual abuse both lasting about thirty minutes wherein Sanderson forcefully grabbed Plaintiff's genitals and fondled them, and ran his hand over Plaintiff's butt crack. Both times were in the same manner and in the same bathroom (the bathroom in the school hallway) over an approximate two week period that Plaintiff was on Work Crew. Both times Plaintiff feared Sanderson would rape him.

G.     Over the two year period between on or about February 2000 and October 2002, Sanderson physically abused Plaintiff about 10 times, sometimes to within inches of his life. Staff members, teachers and various other employees of West Ridge Academy/Utah Boys Ranch observed these beatings and did nothing to stop them. Plaintiff was precluded from seeking medical treatment in these instances because that would mean he would have to leave the Ranch and go to a medical facility outside the control of the Ranch. No injuries were ever treated at the Ranch. Boys who sustained injuries received no medical treatment and were left to heal on their own.

H.     Some time after September 11, 2001, Plaintiff was on work crew and Chris Teehan told Plaintiff to lie on his stomach and put his chin on the concrete cafeteria floor, which is called the "lock down position." Teehan picked Plaintiff up and threw him back on the ground forcing his knees into Plaintiff's back until Plaintiff complied and was put in a lock down position. Plaintiff was bleeding from his chin after being slammed to the ground and denied medical care.

I.     Employees and agents of Defendants were aware that the Perpetrators had an unusual interest in minor boys at the Ranch, and had frequent unsupervised contact with minor boys at the Ranch for extended periods of time. Many of the minor boys who were subjected to sexual abuse by the Perpetrators reacted to the abuse in ways that should have made Defendants question the circumstances and motivation of the Perpetrators' contact with minor boys. The

minor boys abused and molested by the Perpetrators were young, impressionable and particularly vulnerable.

9.      Plaintiff is further informed and believes, and on that basis alleges, that even though the Defendants knew or should have known that the Perpetrators had molested, sexually abused, and physically abused minors, and even though the Defendants had actual and constructive knowledge of the abuse, the Defendants covered up the molestations and abuses by the Perpetrators.  The Defendants continued to hold the Perpetrators out as staff members who could be trusted with minors.  And the Defendants continued to allow the Perpetrators to work with minors on a daily basis, failing to supervise and/or monitor the Perpetrators to ensure that they were not molesting, sexually abusing, or physically abusing minors.

        The Perpetrators Abuse of Eric Norwood

10.     During the time that the Perpetrators were working for and employed by the Defendant, the Perpetrators sexually abused and molested Plaintiff Eric Norwood from on or about 2000 to 2002 when he was a minor.  The acts of sexual abuse, molestation and physical abuse included, but were not limited to, fondling of the genitals (skin to skin), fondling of the buttocks and the anus skin to skin, hugging, rubbing and massaging in sexual manner, threats, physical abuse, and more.

11.     As a direct result of the wrongful conduct alleged herein, Plaintiff suffered, and continues to suffer, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; has sustained and continues to sustain loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## FIRST CAUSE OF ACTION

### (Childhood Sexual Abuse - Cal. Civ. Proc. Code § 340.1 (West 2003))

### (Against All Defendants)

12.     Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

13.     The Perpetrators engaged in unpermitted, harmful and offensive conduct and contact upon the person of Plaintiff in violation of Cal. Civ. Proc. Code § 340.1 (West 2003).  Said conduct was undertaken while the Perpetrators were an employee, volunteer, representative, or agent of Defendants while in the course and scope of employment with Defendants.

14.     Prior to or during the abuse alleged above, Defendants knew, had reason to know, or were otherwise on notice of unlawful sexual conduct and physical abuse by the Perpetrators. Defendants failed to take reasonable steps and failed to implement reasonable safeguards to avoid acts of unlawful sexual conduct and physical contact in the future by the Perpetrators, including, but not limited to, preventing or avoiding placement of the Perpetrators in functions or environments in which contact with children was an inherent part of those functions or environments.  Furthermore, at no time during the periods of time alleged did Defendants have in place a system or procedure to supervise and/or monitor employees, volunteers, representatives, or agents to insure that they did not molest, sexually or physically abuse minors in Defendants' care, including the Plaintiff.

15.     As a result of the above-described conduct, Plaintiff has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; has sustained and will continue to sustain loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## SECOND CAUSE OF ACTION

### (Negligence)

### (Against All Defendants)

16.     Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

17.     Defendants had a duty to protect the minor Plaintiff when he was entrusted to their care by Plaintiff's parents.  Plaintiff's care, welfare, and/or physical custody were temporarily entrusted to Defendants.  Defendants voluntarily accepted the entrusted care of Plaintiff.  As

such, Defendants owed Plaintiff, and all minor children, a special duty of care, in addition to a duty of ordinary care, and owed Plaintiff the higher duty of care that adults dealing with children owe to protect them from harm.

18.     Defendants, by and through their agents, servants and employees, knew or reasonably should have known of the Perpetrators' dangerous and exploitive propensities and/or that the Perpetrators were unfit agents.  It was foreseeable that if Defendants did not adequately exercise or provide the duty of care owed to children in their care, including but not limited to the Plaintiff, the children entrusted to Defendants' care would be vulnerable to sexual and physical abuse by the Perpetrators.

19.     Defendants breached their duty of care to the minor Plaintiff by allowing the Perpetrators to come into contact with the minor Plaintiff without supervision; by failing to adequately hire, supervise, or retain the Perpetrators who they permitted and enabled to have access to the Plaintiff; by failing to investigate or otherwise confirm or deny such facts about the Perpetrators; by failing to tell or concealing from Plaintiff, Plaintiff's parents, guardians, or law enforcement officials that the Perpetrators were or may have been sexually and physically abusing minors; by failing to tell or concealing from Plaintiff's parents, guardians, or law enforcement officials that the Plaintiff was or may have been sexually and physically abused after Defendants knew or had reason to know that the Perpetrators may have sexually and physically abused the Plaintiff, thereby enabling Plaintiff to continue to be endangered and sexually and physically abused, and/or creating the circumstance where the Plaintiff was less likely to receive medical/mental health care and treatment, thus exacerbating the harm done to the Plaintiff; and/or by holding out the Perpetrators to the Plaintiff and his parents or guardians as being in good standing and trustworthy.

20.     As a result of the above-described conduct, the Plaintiff has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; has sustained and will continue to sustain loss

of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

### THIRD CAUSE OF ACTION

### (Negligent Supervision/Failure to Warn)

### (Against All Defendants)

21.     Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

22.     Defendants had a duty to provide reasonable supervision of the Perpetrators; to use reasonable care in investigating the Perpetrators; and to provide adequate warning to the Plaintiff, the Plaintiff's family, and minor students, of the Perpetrators' dangerous propensities and unfitness.

23.     Defendants, by and through their agents, servants and employees, knew or reasonably should have known of the Perpetrators' dangerous and exploitive propensities and/or that the Perpetrators were unfit agents.  Despite such knowledge, Defendants negligently failed to supervise the Perpetrators in the position of trust and authority as staff members, disciplinarians, house parents, counselors, school administrators, school teachers, emotional mentors, and/or other authority figures, where each Perpetrator was able to commit the wrongful acts against the Plaintiff.  Defendants failed to provide reasonable supervision of the Perpetrators, failed to use reasonable care in investigating the Perpetrators, and failed to provide adequate warning to Plaintiff and Plaintiff's family of the Perpetrators' dangerous propensities and unfitness. Defendants further failed to take reasonable measures to prevent future sexual and physical abuse.

24.     As a result of the above-described conduct, Plaintiff has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; has sustained and will continue to sustain loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

**FOURTH CAUSE OF ACTION**

**(Negligent Hiring/Retention)**

**(Against All Defendants)**

25.     Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

26.     Defendants had a duty to not hire and/or retain the Perpetrators, and other employees, agents, volunteers, and other representatives, given the Perpetrators' dangerous and exploitive propensities.

27.     Defendants, by and through their agents, servants and employees, knew or reasonably should have known of the Perpetrators' dangerous and exploitive propensities and/or that the Perpetrators were unfit agents.  Despite such knowledge, Defendants negligently hired and/or retained the Perpetrators in the position of trust and authority as staff members, disciplinarians, house parents, counselors, school administrators, school teachers, emotional mentors, and/or other authority figures, where each Perpetrator was able to commit the wrongful acts against the Plaintiff.  Defendants failed to use reasonable care in investigating the Perpetrators and failed to provide adequate warning to the Plaintiff and the Plaintiff's families of the Perpetrators' dangerous propensities and unfitness.  Defendants further failed to take reasonable measures to prevent future sexual and physical abuse.

28.     As a result of the above-described conduct, the Plaintiff has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; has sustained and will continue to sustain loss of earnings and earning capacity; and/or have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

**FIFTH CAUSE OF ACTION**

**(Negligent Failure to Warn, Train, or Educate Plaintiff)**

**(Against All Defendants)**

29.     Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

30.     Defendants breached their duty to take reasonable protective measures to protect the Plaintiff and other minors students from the risk of childhood sexual abuse by the Perpetrators, such as the failure to properly warn, train, or educate the Plaintiff and other minor students about how to avoid such a risk, pursuant to <u>Juarez v. Boy Scouts of America, Inc.</u>, 81 Cal. App. 4th 377 (2000).

31.     As a result of the above-described conduct, the Plaintiff has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; has sustained and will continue to sustain loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

**SIXTH CAUSE OF ACTION**

**(Intentional Infliction of Emotional Distress)**

**(Against All Defendants)**

32.     Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

33.     Defendants' conduct was extreme and outrageous and was intentional or done recklessly.

34.     As a result of Defendants' conduct, the Plaintiff experienced and continues to experience severe emotional distress resulting in bodily harm.

35.     As a result of the above-described conduct, the Plaintiff has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; has sustained and will continue to sustain loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

///

///

Complaint - 13

**SEVENTH CAUSE OF ACTION**

**(Violation of Penal Code § 236)**

**(Against All Defendants)**

36.     Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

37.     Defendants' acts described herein violate California Penal Code § 236 in that Defendants falsely imprisoned Plaintiff.

38.     Defendants unlawfully violated Plaintiff's liberty when they kidnapped him from his grandmother's house and took him across state lines to the West Ridge Academy/Utah Boys Ranch on or about February 14, 2000.  While at the Ranch Plaintiff was sexually and physically abused.  Plaintiff was forced to remain at the West Ridge Academy/Utah Boys Ranch until he reached the age of majority (age 18).

39.     As a result of the above-described conduct, the Plaintiff has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; has sustained and will continue to sustain loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

**EIGHTH CAUSE OF ACTION**

**(Violation of Penal Code § 237)**

**(Against All Defendants)**

40.     Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

41.     Defendants' acts described herein violate California Penal Code § 237 in that Defendants falsely imprisoned Plaintiff.

42.     Defendants unlawfully violated Plaintiff's liberty when they kidnapped him from his grandmother's house and took him across state lines to the West Ridge Academy/Utah Boys Ranch on or about February 14, 2000.  Plaintiff was forced to remain at the West Ridge Academy/Utah Boys Ranch until he reached the age of majority (age 18).  Plaintiff could not

1   leave and was subjected to sexual and physical abuse while at the Ranch.

2   43.   Defendants' false imprisonment of Plaintiff consisted of the "nonconsensual, intentional

3   confinement of Plaintiff, without lawful privilege, for an appreciable length of time, however

4   short.

5   44.   As a result of the above-described conduct, the Plaintiff has suffered, and continues to

6   suffer great pain of mind and body, shock, emotional distress, physical manifestations of

7   emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of

8   enjoyment of life; was prevented and will continue to be prevented from performing daily

9   activities and obtaining the full enjoyment of life; has sustained and will continue to sustain loss

10  of earnings and earning capacity; and/or has incurred and will continue to incur expenses for

11  medical and psychological treatment, therapy, and counseling.

13      WHEREFORE, Plaintiff prays for damages; costs; interest; attorneys' fees; statutory/civil

14  penalties according to law; and such other relief as the court deems appropriate and just.

15                              JURY DEMAND

16      Plaintiff demands a jury trial on all issues so triable.

18  Dated: October 21, 2010

                                        *Michele M. Betti*
19                                      Michele M. Betti, Esq.
                                        Law Offices Of Betti & Associates
20                                      Attorneys for Plaintiff
                                        Eric Norwood

Complaint - 15

ORIGINAL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

ERIC NORWOOD

PLAINTIFF(S)

v.

CHILDREN AND YOUTH SERVICES,
INC., WEST RIDGE ACADEMY
AND DOES 1 through 100 DEFENDANT(S).
inclusive

CASE NUMBER

**CV10 7944** GAF (MANx)

SUMMONS

TO: DEFENDANT(S): Children And Youth Services, Inc., West
Ridge Academy and DOES 1 through 100,
inclusive
A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☐ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Michele M. Betti_, whose address is _1732 KNOLL FIELD WAY, ENCINITAS CA 92024_. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

**CHRISTOPHER POWERS**

Dated: _October 21, 2010_                    By: _____

Deputy Clerk

(Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

CV-01A (12/07)                    SUMMONS

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS CHILDREN AND YOUTH SERVICES, INC., WEST RIDGE ACADEMY AND DOES 1 through 100, inclusive |
|---|---|
| ERIC NORWOOD | |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Michele M. Betti BETTI + ASSOCIATES 1732 Knoll Field Way, Encinitas, CA 92024 | Not Known |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ MONEY DEMANDED IN COMPLAINT: $ excess of 75,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C.A. 1332   institutional A in Utah abused CA citizen.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV10 7944

FOR OFFICE USE ONLY:   Case Number:

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Utah |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
     Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved                                                                                   .

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Michele M. Betti_  Date _October 21, 2010_

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |