1 | Vince M. Verde, Esq. [CA Bar No. 202472]
  | vince.verde@ogletreedeakins.com
2 | Carolyn Sieve, Esq. [CA Bar No. 182763]
  | carolyn.sieve@ogletreedeakins.com
3 | Daniel A. Adlong, Esq. [CA Bar No. 262301]
  | daniel.adlong@ogletreedeakins.com
4 | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
  | 695 Town Center Drive, Suite 1500
5 | Costa Mesa, CA  92626
  | Telephone:  714-800-7905
6 | Facsimile:  714-754-1298

7 | Attorneys for Defendant CHILDREN AND YOUTH SERVICES, INC. dba WEST RIDGE ACADEMY

8

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| ERIC NORWOOD, an individual, | Case No. CV10- 7944 GAF (MANx) |
|---|---|
| Plaintiff, | [Case Assigned to Hon. Gary A. Feess] |
| v. | **NOTICE OF MOTION AND MOTION BY DEFENDANT CHILDREN AND YOUTH SERVICES, INC. DBA WEST RIDGE ACADEMY TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| CHILDREN AND YOUTH SERVICES, INC., WEST RIDGE ACADEMY, AND DOES 1 THROUGH 100, INCLUSIVE, | |
| Defendants. | |
| | [Filed Concurrently with Declaration of James McMaster and [Proposed] Order] |
| | Date:    April 25, 2011
Time:    9:30 a.m.
Place:   Courtroom 740 |

9881410_3.DOC

1   Case No. CV10- 7944 GAF (MANx)
DEFENDANT'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)

TO PLAINTIFF AND TO HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE THAT ON April 25, 2011, at 9:30 a.m., or as soon thereafter as counsel may be heard in Courtroom 740 of the above entitled Court, located at 255 East Temple Street, Los Angeles, CA 90012, Defendant Children and Youth Services, Inc. dba West Ridge Academy (erroneously sued as two separate entities, "Children and Youth Services, Inc." and "West Ridge Academy") will move and hereby does move, pursuant to 28 U.S.C. § 1404(a), to transfer Plaintiff Eric Norwood's ("Plaintiff") Complaint to the United States District Court for the Utah District.

Transfer to the District Court of Utah is necessary for the convenience of the parties and of the witnesses and in the interests of justice, as this action has little to no connection to California.  For example, the overwhelming majority of events occurred outside of California, none of the witnesses, apart from Plaintiff, reside in the State of California, and, other than speaking with Plaintiff, none of the discovery to be taken will occur in California.

This motion is based on this notice of motion, the attached memorandum of points and authorities in support thereof, the declaration of James McMaster, and any other papers on file herein, and upon such other and further oral and written information as may be presented at or before the hearing on this motion.

This motion is made following conference between counsel pursuant to L.R. 7-3.  Declaration of James McMaster hereto.

DATED:  March 17, 2011

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/Carolyn Sieve
    Vince M. Verde
    Carolyn Sieve
    Daniel A. Adlong
    Attorneys for Defendants
    Children and Youth Services, Inc., and
    West Ridge Academy

DEFENDANT'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)

9881410_3.DOC

TABLE OF CONTENTS

I.   BACKGROUND .................................................................................................3

II.  LEGAL ANALYSIS ..........................................................................................4

    A.   The Court May Transfer an Action for the Convenience of Parties and Witnesses, In The Interest of Justice.............................................4

    B.   Venue is Proper in the District of Utah...............................................5

    C.   The Balance of Public and Private Interests Weighs in Favor of Transfer ...............................................................................................6

        1.   Location of Relevant Agreements .............................................6

        2.   Governing Law ..........................................................................6

            a.   California Law and Utah Law Materially Differ .............8

            b.   California's and Utah's Interests Conflict........................8

                (i)   California's Interest                              8

                (ii)   Utah's Interests                                   9

            c.   Utah's Interest Controls...................................................10

            d.   Allegations of Better Social Policy Are Irrelevant ........11

        3.   Choice of Forum ......................................................................12

        4.   The Parties' Contacts with the Forum .....................................12

        5.   Cause of Action's Contacts with Forum..................................13

        6.   Costs of Litigation ...................................................................13

        7.   Convenience of Witnesses.......................................................13

        8.   Access to Proof ........................................................................14

        9.   Congestion of the Courts .........................................................14

III. CONCLUSION ................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

A.J. Indus., Inc. v. United States District Court
   503 F.2d 384 (9th Cir. 1974) .................................................................................. 13

Costco Wholesale Corp. v. Liberty Mut. Ins. Co.
   472 F. Supp. 2d 1183 (S.D. Cal. 2007) ........................................................... passim

E. & J Gallo Winery v. F. & P. S.P.A.
   899 F. Supp. 465 (E.D. Cal. 1994) .......................................................................5, 6

Jones v. GNC Franchising, Inc.
   211 F.3d 495 (9th Cir. 2000) ..................................................................................... 6

Ledesma v. Jack Steward Produce
   816 F.2d 482 (9th Cir. 1986) .......................................................................6, 7, 8, 9

Metz v. U.S. Life Ins. Co.
   674 F. Supp. 2d 1141 (C.D. Cal. 2009) ................................................................. 12

Mutual Pharm. Co. v. Watson Pharm., Inc.
   2009 WL 3401117 (C.D. Cal. 2009) ....................................................................... 5

Nelson v. International Paint Co.
   716 F.2d 640 (9th Cir. 1983) ..................................................................................... 7

Rosenthal v. Fonda
   862 F.2d 1398 (9th Cir. 1988) ................................................................................... 7

Saleh v. Titan Corp.
   361 F. Supp.2d 1152 (S.D. Cal. 2005) .................................................................. 14

Waggoner v. Snow, Becker, Kroll, Klaris & Krauss
   991 F.2d 1501 (9th Cir. 1993) ..................................................................... 6, 10, 11

**CALIFORNIA CASES**

Ashland Chemical Co. v. Provence
   181 Cal. Rptr. 340, 129 Cal. App. 3d 790 (1982) ............................................7, 8

Offshore Rental Co., Inc. v. Cont'l Oil Co.
    22 Cal. 3d 157, 148 Cal. Rptr. 867, 583 P.2d 721 (Cal. 1978) .......................... 11

Sierra-Bay Fed. Land Bank Ass'n v. Superior Court
    277 Cal. Rptr. 753, 277 Cal. App. 3d 318 (1991) ................................................ 7

Washington Mut. Bank, FA v. Superior Court
    24 Cal. 4th 906, 103 Cal. Rptr. 2d 320, 15 P.3d 1071 (Cal. 2001) ...................... 7

**OTHER STATE CASES**

Roark v. Crabtree
    893 P.2d 1058 (Utah 1995) ................................................................................... 9

Savage v. Utah Youth Village
    104 P.3d 1242 514 Utah Adv. Rep. ....................................................................... 9

**FEDERAL STATUTES**

28 U.S.C. § 1391(a) ...................................................................................................... 5

28 U.S.C. § 1391(c) ...................................................................................................... 5

28 U.S.C. § 1404(a) ................................................................................................. 4, 5

**CALIFORNIA STATUTES**

CAL. CIV. PRO. CODE § 340.1 ....................................................................................... 8

CAL. PENAL. CODE §§ 236 and 237 ............................................................................. 4

**OTHER STATE STATUTES**

UTAH CODE ANN. § 78-12-25.1 .................................................................................... 9

UTAH CODE ANN. § 78B-2-308 ................................................................................ 8, 9

**OTHER AUTHORITIES**

Courts *Federal Judicial Caseload Statistics* .......................................................... 15

9881410.3 (OGLETREE)

# MEMORANDUM OF POINTS AND AUTHORITIES

Should the Court deny Defendant Children And Youth Services, Inc. dba West Ridge Academy's ("West Ridge Academy") Motion to Dismiss, filed herewith, the Court should transfer venue of this action to the United States District Court for the District of Utah for convenience of the parties and the witnesses and in the interest of justice. Plaintiff Eric Norwood filed his Complaint with the Central District of California because he is a California resident. However, California's connection to the case stops there. All of the events giving rise to Plaintiff's claims occurred in Utah; aside from Plaintiff, none of the witnesses reside in the State of California; and all discovery will be taken in Utah. The case could have been filed in the District of Utah, and the Utah venue is the more convenient location for all of the witnesses except for Plaintiff. The interests of justice support a transfer to the District of Utah.

## I.  Background

Plaintiff was born on October 24, 1984. Complaint ¶ 1. Sometime before February 14, 2000, Plaintiff's parents entrusted him to the care of West Ridge Academy, located in West Jordan, Utah. Complaint ¶ 17. On or about February 14, 2000, West Ridge Academy picked up Plaintiff in Agoura, California and took him to West Ridge Academy in Utah. Complaint ¶ 3, 8(A). Plaintiff contends that from the date of his pick up until October 24, 2002, when Plaintiff reached the age of 18, Plaintiff was kept at West Ridge Academy against his will. Complaint ¶ 42. Beyond Plaintiff's pick up in Agoura, California, none of Plaintiff's following claims are alleged to occur in California. Instead, Plaintiff alleges all the events occurred in Utah.

Plaintiff contends that sometime between 2000 and 2002, while in a room with Brent Sanderson ("Sanderson"), an alleged agent of West Ridge Academy, Sanderson slammed Plaintiff into the ground, drove his knees into Plaintiff's back, sexually grinded on Plaintiff, and taunted Plaintiff. Complaint ¶ 8(D). Plaintiff contends that he cried and pled for Sanderson to get off him. Complaint ¶ 8(D).

Plaintiff further contends he complained to staff members at West Ridge Academy about this treatment. Complaint ¶ 8(D). Plaintiff alleges other instances of similar treatment occurred from 2000 until 2002. Complaint ¶ 8(G).

Plaintiff also alleges that after being upset with his treatment, he "was planning on trying to escape the facility." Complaint ¶ 8(E). In the summer of 2002, shortly after deciding he wanted to escape, Plaintiff alleges he had an encounter in a bathroom stall with Sanderson. Complaint ¶ 8(E). During that encounter, Sanderson allegedly touched Plaintiff inappropriately. Complaint ¶ 8(E). Plaintiff states that during this encounter he was "terrified," "scared," and "looked at Sanderson wanting to protest," but "reluctantly complied." Complaint ¶ 8(E). Plaintiff alleges that two other instances of similar abuse occurred between 2000 and 2002. Complaint ¶ 8(F). Plaintiff further alleged other instances occurred between 2000 and 2002 where he "feared" he was going to be raped. Complaint ¶¶ 8(E), 8(F).

After living at West Ridge Academy for over two years, upon reaching the age of majority, Plaintiff left on October 24, 2002. Complaint ¶ 1, 42. In his Complaint, Plaintiff alleges claims for childhood sexual abuse, negligence, negligent supervision, negligent hiring/retention, negligent failure to warn, train, or educate Plaintiff, intentional infliction of emotional distress, and violations of California Penal Code Sections 236 and 237.

## II. Legal Analysis

### A. The Court May Transfer an Action for the Convenience of Parties and Witnesses, In The Interest of Justice

Federal law governs the choice of venue. If venue is proper, then 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

In deciding whether to transfer venue, the Court is to engage in a two-step analysis: (1) whether the district to which the moving party seeks to transfer meets

1  the requirement of being one where the case "might have been brought;" and (2) if it
2  is a district in which the case might have been brought, then would transfer serve the
3  interests of convenience of parties and witnesses and the interest of justice. Mutual
4  Pharm. Co. v. Watson Pharm., Inc., 2009 WL 3401117, *6 (C.D. Cal. 2009). If the
5  balance of these factors weighs in favor of conducting the trial in the alternative
6  jurisdiction, then the motion to transfer venue should be granted. Id.

### B. Venue is Proper in the District of Utah

The first question is whether the alternative forum, in this case, the Utah District, is suitable in that the "case might have been brought initially" there. 28 U.S.C. § 1404(a). In other words, the transferee court must have subject matter jurisdiction, venue must be proper, and defendants must be subject to personal jurisdiction. E. & J Gallo Winery v. F. & P. S.P.A., 899 F. Supp. 465, 466 (E.D. Cal. 1994); Mutual Pharm. Co. v. Watson Pharm., Inc., 2009 WL 3401117, *6 (C.D. Cal. 2009) (finding that action could have been brought in requested transferee district because the conduct at issue occurred in that district and that all of the parties had sufficient contract with transferee district to reside in that district for venue purposes). This Court may transfer venue of this action to the District of Utah because the court has subject matter jurisdiction, venue is proper pursuant to 28 U.S.C. § 1391 (a), and West Ridge Academy is subject to personal jurisdiction in that district.

First, it is clear that diversity jurisdiction is met. Plaintiff is a resident of California and West Ridge Academy is a Utah Corporation, and Plaintiff admits the amount in controversy exceeds $75,000. Complaint ¶ 3. Second, under 28 U.S.C. § 1391(a), venue is proper where: (1) any defendant resides if all defendants reside in the same state; (2) where a substantial part of the events or property is located; or (3) if there is no other option, where any defendant is subject to personal jurisdiction. For purposes of venue, a corporation is deemed to reside in any district where it is subject to personal jurisdiction at the time the suit is filed. 28 U.S.C. § 1391(c). In

this case, venue is proper in the District of Utah under subpart (a)(1) because West Ridge Academy is incorporated in Utah. Venue is proper in the District of Utah for the additional reason that all the events occurred in Utah. Thus, the case might have been brought initially in the District of Utah.

### C. The Balance of Public and Private Interests Weighs in Favor of Transfer

After determining that there is a suitable alternative forum, the Court then must turn to the question of whether the interests of the parties, witnesses and justice would be served by transferring venue. The interests of the parties, witnesses and justice are further analyzed by considering the following, in no particular order: (a) location where the relevant agreements were negotiated and executed; (b) the state that is most familiar with the governing law; (c) the plaintiff's choice of forum; (d) the respective parties' contacts with the forum; (f) the differences in the costs of litigating in the two forums; (g) the availability of compulsory process to compel the attendance of unwilling non-party witnesses; (h) the ease of access to sources of proof; and (i) congestion of courts. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498–99 (9th Cir. 2000); Costco Wholesale Corp. v. Liberty Mut. Ins. Co., 472 F. Supp. 2d 1183, 1189–90 (S.D. Cal. 2007). The Court has "inherently broad discretion" in reaching this decision. E. & J Gallo Winery, 899 F. Supp. at 466.

#### 1. Location of Relevant Agreements

This case does not involve any contractual claims, so this criterion does not apply. In the absence of any contractual forum selection clause, the Court must analyze the "governmental interest" in having California law apply. The following section will consider the governing law.

#### 2. Governing Law

In diversity cases, such as the instant action, federal courts must apply the choice-of-law rules of the forum state. Ledesma v. Jack Steward Produce, 816 F.2d 482, 484 (9th Cir. 1986). Thus, California's choice-of-law rules govern. Waggoner

v. Snow, Becker, Kroll, Klaris & Krauss, 991 F.2d 1501, 1506 (9th Cir. 1993). California uses a "governmental interest" approach to resolve choice-of-law issues. Ledesma, 816 F.2d at 484 (citing In re Yagman, 796 F.2d 1165, 1170 (9th Cir. 1986); Reich v. Purcell, 63 Cal. Rptr. 31, 34, 67 Cal. 2d 551, 555, 432 P.2d 727, 73 (1967)). Further, California courts have long applied the "governmental interest" test to conflicts of statutes of limitation. Ledesma v. Jack Steward Produce, 816 F.2d 482 (9th Cir. 1986); *see also* Ashland Chemical Co. v. Provence, 181 Cal. Rptr. 340, 129 Cal. App. 3d 790 (1982); Nelson v. International Paint Co., 716 F.2d 640 (9th Cir. 1983).

Under the "governmental interest" test, the first step is to "identify the applicable rule of law in each potentially concerned state and [ ] show it materially differs from the law of California." Washington Mut. Bank, FA v. Superior Court, 24 Cal. 4th 906, 919, 103 Cal. Rptr. 2d 320, 330, 15 P.3d 1071, 1080 (Cal. 2001). "If the court finds the laws are materially different, the second step is to 'determine what interest, if any, each state has in having its own law applied to the case.'" Costco Wholesale Corp. v. Liberty Mut. Ins. Co., 472 F. Supp. 2d 1183, 1199 (S.D. Cal 2007)(citing Washington Mut. Bank, FA v. Superior Court, 24 Cal. 4th 906, Cal. Rptr. 2d 320, 15 P.3d 1071 (Cal. 2001)). If the state with a materially different law has an interest in the application of its law, the Court selects the law of the state whose interests would be "most impaired" if its law were not applied. Id. When conducting the choice-of-law inquiry, the Court "considers each jurisdiction's relevant contacts with the parties, property and the incident involved in order to compare the genuine interest of each jurisdiction in having its laws applied." Sierra-Bay Fed. Land Bank Ass'n v. Superior Court, 277 Cal. Rptr. 753, 760, 277 Cal. App. 3d 318, 331 (1991). A court may also look to the parties' reasonable expectation of what law would apply. Rosenthal v. Fonda, 862 F.2d 1398, 1402–03 (9th Cir. 1988).

### a. California Law and Utah Law Materially Differ

Plaintiff alleges that West Ridge Academy committed unlawful acts pursuant to California Code of Civil Procedure Section 340.1. Utah's parallel statute is Utah Code Annotated Section 78B-2-308.

California Code of Civil Procedure Section 340.1 provides that an action for recovery of damages for childhood sexual abuse must be commenced "within eight years of the date the plaintiff attains the age of majority, or within three years of the date the plaintiff discovers or reasonably should have discovered that psychological injury or illness occurring after the age of majority was caused by the sexual abuse . . . ." In contrast, Utah Code Annotated Section 78B-2-308 requires that an action for childhood sexual abuse be brought within four years from the age of majority, or four years from the date of discovery, whichever period expires later.

As pled in the Complaint, Plaintiff turned eighteen on October 24, 2002, the day he left West Ridge Academy. Plaintiff commenced his action for sexual abuse three days before the limitations period under California law ran. However, under Utah law, his claim is barred as having been filed four years too late. Because the result under each State's respective statute differs, the statutes are materially different. Costco, 472 F. Supp. 2d at 1200.

### b. California's and Utah's Interests Conflict

#### (i) California's Interest

The only connection this case has to California is that Plaintiff is a California resident. California believes that statutes of limitation are meant to protect their residents and courts from the burdens associated with resolving stale cases where "memories have faded and evidence has been lost." Ashland Chemical Co, 181 Cal. Rptr. at 341. This protection has no value where the *Plaintiff* is the California resident. Ledesma, 816 F.2d at 485 (in case involving California plaintiff and Arizona defendant, Court notes in deciding to apply Arizona law, "[T]his case involves California residents who are plaintiffs, not defendants, thereby weakening

the [California's] interest in applying its own statute of limitations."). Accordingly, California's interest is weak.

### (ii) Utah's Interests

Utah's statutes of limitation are also designed to protect its residents against stale claims. Id. Utah Code Annotated § 78B-2-308 was previously known as Utah Code Annotated § 78-12-25.1. The original bill was enacted to "extend the . . . statute of limitation for filing child sexual abuse actions because legislators believed many victims with repressed memories were unable to file claims at all due to the delayed discovery of the abuse." Savage v. Utah Youth Village, 104 P.3d 1242, 1249 514 Utah Adv. Rep. 19, 2004 UT 102 (Utah 2004)(citing H.R. Reg. 92, 49th Leg. (Utah 1992)). One can see from the legislative history, this expanded the rights of child sexual abuse victims. This also promoted a policy similar to California: protecting childhood sexual abuse victims. The Utah legislature, though, believed that four years struck a proper balance between allowing victims of sexual abuse in Utah to seek redress while protecting residents from stale claims.

The Utah Supreme Court stated that the statute of limitations is an important defense. Roark v. Crabtree, 893 P.2d 1058 (Utah 1995). Utah considers Defendant's statute of limitations defense a "vested right" once it occurs. Id. at 1063 (citing 51 AM. JUR. 2D *Limitation of Actions* § 44 (1970)). To apply California law at this point would deprive West Ridge Academy of that "vested right." *See* Id.

Beyond merely denying West Ridge Academy of this vested right, to apply California law deprives Utah control over claims that arise from activity occurring within its borders. Plaintiff's parents entrusted him to West Ridge Academy, a Utah corporation with facilities located in Utah. Complaint ¶¶ 1, 17, 42. All of the alleged unlawful conduct occurred in Utah. Complaint ¶¶ 8(E), 8(F). All of the alleged West Ridge Academy agents lived and worked in Utah. Complaint ¶¶ 2–2.14. Utah's interest in applying its laws is stronger than California's interest.

### c. Utah's Interest Controls

Where, as here, the Plaintiff is the only tie to California, and the case involves a non-California defendant and factual circumstances that took place outside California, California choice-of-law rules dictate that the other state's law applies. Waggoner v. Snow, Becker, Kroll, Klaris & Krauss is illustrative and militates in favor of the application of Utah law. 991 F.2d 1501 (9th Cir. 1993). In Waggoner, the plaintiff, a California resident, guaranteed over $6 million in loans to a publicly traded company in exchange for shares of stock that provided voting control of the corporation. Id. at 1503. When conducting this transaction, plaintiff used the corporation's counsel. This lawyer was authorized to practice in New York, worked for a law firm incorporated in New York, and resided in New York. Id. at 1508. Eventually plaintiff was removed from his position. Id. He tried to exercise his stock options, but was unable to because of a legal problem with the transaction. Id. at 1504. Plaintiff eventually filed a diversity action in California against the corporation's counsel alleging malpractice. Id. at 1504.

When deciding the case, the Ninth Circuit applied the "governmental interest" analysis to determine whether California or New York law should apply to the malpractice claims. Id. at 1507. The Court determined that New York's interest would suffer more if its law was not applied. Id. The court reasoned that California's ties to the case were weak. Id. The only connection was that plaintiff was a California resident and the corporation at one time was a California corporation. Id. The Court pointed out that in addition New York was "the significantly interested jurisdiction" because a California resident sought a New York resident's services, the attorney's were authorized to practice in New York, the attorney and law firm worked out of a New York office, and the services were "substantially performed" in New York. Id. at 1508. Based on those factors, the Court concluded that New York law should apply and granted summary judgment in defendant's favor because New York law did not provide redress for the breach plaintiff alleged. In coming to this

9881410_3.DOC                                   10            Case No. CV10- 7944 GAF (MANx)
DEFENDANT'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)

conclusion, the Court explained that the "residence of the parties is not the determining factor in choice of law analysis." <u>Id</u>. Moreover, the Court stated, "the mere fact that California laws are more favorable to [plaintiff]'s claim also cannot make California law controlling." <u>Id</u>. at 1507–08.

The current facts are exactly the same and require the same conclusion. Plaintiff's parents entrusted him to West Ridge Academy, a Utah corporation, to receive care. Complaint ¶ 17. Plaintiff went and received the care he needed in Utah. Complaint ¶ 8(A). Plaintiff was in Utah during all events that relate to his childhood sexual abuse allegations. Complaint ¶¶ 8(E), 8(F). Utah provided the exact same remedies that California provides, but required claims be brought sooner.

Just as the Court in <u>Waggoner</u> reasoned that New York law should apply because the "wealth of transactions and events which occurred in New York demonstrate that the reasonable expectations of the parties" was that New York law should apply, so too should Utah law apply here. Utah has an interest in seeing that child sexual abuse claims are quickly brought to its courts. Utah also has an interest in protecting its residents from stale claims.

### d. Allegations of Better Social Policy Are Irrelevant

Although Plaintiff may maintain that he is a California resident and this forum is better for him and has a better policy, those considerations do not control. The California Supreme Court has explained that "this analysis does not involve the court in 'weighing' the conflicting governmental interest 'in the sense of determining which conflicting law manifests the 'better' or the 'worthier' social policy on the specific issue." <u>Offshore Rental Co., Inc. v. Cont'l Oil Co.</u>, 22 Cal. 3d 157, 165, 148 Cal. Rptr. 867, 872, 583 P.2d 721, 726 (Cal. 1978). This analysis requires that the Court consider whose interest would be most impaired by failing to apply the statute of limitations. In this case, as explained above, Utah's interest would be most impaired. Accordingly, Utah law should apply to Plaintiff's sexual abuse claim.

Given that Utah applies to the gravamen of Plaintiff's Complaint, this factor weighs in favor of transfer to the District of Utah.

### 3. Choice of Forum

Ordinarily Plaintiff's choice of forum receives substantial weight. <u>Catch Curve, Inc.</u>, 2006 WL 4568799 *1 (C.D. Cal. 2006). However, deference to plaintiff's choice of venue diminishes when the moving party establishes one or more of the following factors: (1) the operative facts did not occur in the forum; (2) the forum has no particular interest in the parties or subject matter; (3) the forum is not the primary residence of either the plaintiff or defendant; or (4) the subject matter of the litigation is not substantially connected to the forum. <u>Metz v. U.S. Life Ins. Co.</u>, 674 F. Supp. 2d 1141, 146 (C.D. Cal. 2009) (citing <u>Catch Curve, Inc.</u>, 2006 WL 4568799 *4.).

Here, several of these factors are present, militating against Plaintiff's choice of forum. First, the operative facts of this action did not primarily occur in California. Indeed beyond picking up Plaintiff in California after his parents sought West Ridge Academy's care, none of the operative facts occurred in Utah. Complaint ¶ 42. *See* also Complaint ¶¶ 8–10. Second, the subject matter is not substantially connected to the forum. California has no interest in a Utah corporation where the Complaint shows little, if any, dealings with California. Utah though does have a public policy interest in policing its borders and ensuring that those corporations that treat young men within the State comport with the laws of the State. Third, defendant's residence is Utah. Plaintiff's choice of forum should receive little deference under the current circumstances. This factor weighs in favor of transferring the case to the District of Utah.

### 4. The Parties' Contacts with the Forum

Plaintiff is currently a resident of California, but during the relevant time period lived at West Ridge Academy's West Jordan, Utah facility. West Ridge Academy is incorporated in Utah and has no branches in California. The parties'

contacts with California as they pertain to the claims raised in the Complaint are slight. This factor weighs in favor of transferring venue to the District of Utah.

### 5. Cause of Action's Contacts with Forum

All of Plaintiff's claims of sexual abuse, negligence, and intentional infliction of emotional distress arose out of conduct that occurred in Utah. Only Plaintiff's false imprisonment claims occurred in California. Even then, that claim is also alleged to have happened in Utah, where Plaintiff was allegedly confined against his will. This factor favors transferring venue to the District of Utah.

### 6. Costs of Litigation

The costs of litigation greatly favor transferring this case to Utah. While Plaintiff is a resident of California, the Complaint shows that the rest of the parties involved are residents of Utah, in Utah when events occurred, or still in Utah. *See* Complaint ¶¶ 2, 8. Moreover, all of West Ridge Academy's employees are in Utah, as are a significant number of third-party, former employee witnesses. Declaration of James McMaster at ¶¶ 3, 5, 6. The burden imposed by attendance at hearings, depositions and any other court appearances will be greatly reduced by eliminating time-consuming and expensive travel between the respective States. This factor favors transferring venue to Utah.

### 7. Convenience of Witnesses

In this case, the convenience of the witnesses—often considered the most important factor—favors Utah. A.J. Indus., Inc. v. United States District Court, 503 F.2d 384, 389 (9th Cir. 1974).

In undertaking this part of the transfer analysis, the Court should consider: who the witnesses are, their potential testimony, why that testimony is relevant, and the importance of the testimony. *See* id.; Costco, 472 F. Supp. 2d at 1191. Plaintiff hails from California, but the rest of the witnesses—including third parties—are in Utah. Plaintiff even states that the main protagonist concerning the alleged inappropriate touching continues to remain in Utah.

Moreover, the majority of the leadership at West Ridge Academy during Plaintiff's stay, such as Michael Ruoho, Paul Keene, and James McMasters, continue working at the facility. Others, such as Brent Sanderson, Daniel Bartlett, Chris Buttars, and Brice Cuervo continue to reside in Utah also. James McMaster Decl. at ¶ 6. Ultimately, the testimony of witnesses such as Michael Ruoho, James McMasters, and Brent Sanderson will prove vital to establishing Plaintiff's claims. Proceeding with the trial in the District of Utah will provide the most efficient manner to have witnesses available with the least amount of inconvenience. While the convenience to Plaintiff should be considered, "the convenience of non-party witnesses is the more important factor." Saleh v. Titan Corp., 361 F. Supp.2d 1152, 1160 (S.D. Cal. 2005). Thus, this factor weighs heavily in favor of transferring venue to Utah.

### 8. Access to Proof

All of the proof in this case is in Utah, not California, and that is a very key factor. *See* Costco, 472 F. Supp. 2d at 1195. Plaintiff's treatment file and all related materials are in Utah or can be transmitted to personnel with knowledge in Utah quickly. West Ridge Academy is incorporated in Utah. West Ridge Academy's only facility, along with all of its evidence, is in Utah too. Beyond a discussion with Plaintiff, all discovery will occur in Utah because none of the documents, electronic or otherwise, are in California. This factor favors transferring to Utah too.

### 9. Congestion of the Courts

The final inquiry is whether the trial will be speedier in one court than the other due to a less crowded docket. Id. at 1196. If the balance of other factors weighs against a transfer, then the court should not transfer the case due solely to docket congestion. Id. at 1191. However, if the factors weigh in favor of transferring the case to Utah, then the fact that the Central District of California has an exceptional caseload also supports transferring this case.

For the 12-month period ending March 31, 2010, the Central District of

California had a civil case load of 10,496 cases according to the Administrative Office of the Courts *Federal Judicial Caseload Statistics*, March 31, 2010 ("AOC Case Load Statistics"). The Utah District in contrast had a civil case load of 955 cases according to the AOC Case Load Statistics. California disposes of cases within an average of 5.6 months. Id. Utah courts dispose of their cases within an average of 8.7 months. Id. Although the Central District Court handles a significantly higher number of cases than the Utah District, the Court appears to handle the cases quicker.

In sum, however, the weight of all of the factors considered together compels the conclusion that this case belongs in Utah. Accordingly, West Ridge Academy respectfully requests that venue should be transferred to the United States District Court for the Utah District.

### III. CONCLUSION

In summary, this case does not belong in California. The alleged unlawful acts did not occur in California. All of defendant's witnesses are in Utah. All relevant documents, such as medical and other treatment records, are in Utah. Utah is the most suitable forum for resolution of this litigation.

For these reasons, West Ridge Academy respectfully requests the Court to transfer venue to the United States District Court for the District of Utah.

DATED: March 17, 2011

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/Carolyn Sieve
Vince M. Verde
Carolyn E. Sieve
Daniel A. Adlong
Attorneys for Defendants
Children and Youth Services, Inc. dba West Ridge Academy

15   Case No. CV10- 7944 GAF (MANx)
DEFENDANT'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)

9881410_3.DOC

# CERTIFICATE OF SERVICE
Norwood v. Children and Youth Services, Inc. et al.
Case No. CV-10-7944 GAF (MANx)

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA 92626.

On March 17, 2011, I caused to be electronically filed the following document(s), described as:

**NOTICE OF MOTION AND MOTION BY DEFENDANT CHILDREN AND YOUTH SERVICES, INC. DBA WEST RIDGE ACADEMY TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

with the Clerk of the United States District Court of Central District of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the following parties and counsel of record who are registered with the Court's CM/ECF System:

| | |
|---|---|
| Michele M. Betti, Esq.<br>LAW OFFICES OF BETTI & ASSOCIATES<br>1732 Knoll Field Way<br>Encinitas, CA 92024<br>Tel: 760-500-5451<br>Fax: 760-454-2204<br>Email: mbettilaw@gmail.com | Attorneys for Plaintiff<br>ERIC NORWOOD |

I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on March 17, 2011, at Costa Mesa, California.

| | |
|---|---|
| Lori Waters, CCLS<br>Type or Print Name | /s/Lori Waters<br>Signature |