Vince M. Verde, Esq. [CA Bar No. 202472]
vince.verde@ogletreedeakins.com
Carolyn Sieve, Esq. [CA Bar No. 182763]
carolyn.sieve@ogletreedeakins.com
Daniel A. Adlong, Esq. [CA Bar No. 262301]
daniel.adlong@ogletreedeakins.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
695 Town Center Drive, Suite 1500
Costa Mesa, CA 92626
Telephone: 714-800-7905
Facsimile: 714-754-1298

Attorneys for Defendants CHILDREN AND YOUTH SERVICES, INC., dba WEST RIDGE ACADEMY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ERIC NORWOOD, an individual, | Case No. CV10- 7944 GAF (MANx) |
| Plaintiff, | [Case Assigned to Hon. Gary A. Feess] |
| v. | |
| CHILDREN AND YOUTH SERVICES, INC., WEST RIDGE ACADEMY, AND DOES 1 THROUGH 100, INCLUSIVE, | **DEFENDANT'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 26 TO EXCLUDE EVIDENCE OF DEFENDANT'S INSURANCE COVERAGE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| Defendants. | *Defendant's Motion in Limine No. 26 of 26* |
| | Date: April 22, 2013<br>Time: 9:30 a.m.<br>Courtroom: 580 |
| | Complaint Filed: October 21, 2010<br>Trial: April 30, 2013 |

1
DEFENDANT'S MOTION *IN LIMINE* NO. 26 TO EXCLUDE EVIDENCE OF
DEFENDANT'S INSURANCE COVERAGE

14565395_1.doc

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

**PLEASE TAKE NOTICE THAT** on April 22, 2013, at 9:30 a.m., or as soon thereafter as counsel may be heard in Courtroom 580, 255 East Temple Street, Los Angeles, California 90012, Defendant CHILDREN AND YOUTH SERVICES, INC., dba WEST RIDGE ACADEMY ("Defendant" or "CYS") will and hereby does move this Court *in limine* for an order that Plaintiff, his attorneys, and any witness shall not refer to, argue, interrogate any witness concerning, submit evidence regarding, comment upon, or otherwise mention in the trial, whether during *voir dire*, opening statements, trial or closing arguments, evidence regarding CYS's insurance coverage.

Defendant moves the Court for relief on the grounds that (1) the Federal Rules 411 states evidence regarding insurance coverage is not admissible to prove whether a person acted with negligence or otherwise wrongfully; (2) such evidence is irrelevant to the claims that Plaintiff has raised in his lawsuit and therefore should be excluded under Federal Rule of Evidence 401; and (3) even if relevant, probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues, wasting time and/or misleading the jury, and therefore should be excluded under Federal Rule of Evidence 403.

Pursuant to Local Rule 7-3, during the month of March 2013, counsel for Defendant sent multiple written requests to speak with Plaintiff's counsel and also made multiple telephonic attempts to speak with Plaintiff's counsel. Plaintiff did not reply and Defendant therefore could not meet and confer with Plaintiff regarding the pending motion in *limine*. (Declaration of Daniel A. Adlong, ¶2.)

///

///

///

This motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Daniel A. Adlong, the Evidence in Support Thereof, the Proposed Order, all pleadings and papers on file in this action, and any other and further evidence and argument as may be presented in connection with the hearing on this motion.

DATED: April 1, 2013

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Daniel A. Adlong
Vince M. Verde
Carolyn Sieve
Daniel A. Adlong
Attorneys for Defendants
Children and Youth Services, Inc., dba West Ridge Academy

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

In this lawsuit, Plaintiff Eric Norwood ("Plaintiff" or "Norwood") claims that he was sexually abused while at Defendant's facility, which he left on October 24, 2002, when he turned eighteen (18) years of age. Plaintiff's Complaint alleged eight (8) causes of action including childhood sexual abuse (which Plaintiff later withdrew), negligence, negligent supervision, negligent hiring/retention; negligent failure to warn, train or educate Plaintiff; intentional infliction of emotional distress; and violation of Penal Code §§ 236 and 237. (*See* Dkt. No. 1.) On March 17, 2011, CYS filed a motion to dismiss and motion to transfer venue. (*See* Dkt. Nos. 7 and 8.) On April 25, 2011, this Court dismissed Plaintiff's causes of action for false imprisonment and violation of Penal Code §§ 236 and 237. (Dkt. No. 24.) This Court also dismissed the negligence-based and intentional infliction of emotional distress causes of action to the extent that they are based upon allegations of non-sexual abuse. (*Id.*) Plaintiff's only remaining claims are therefore based on alleged sexual abuse.

### II. ANTICPATED TESTIMONY

CYS anticipates that Plaintiff will offer evidence regarding Defendant's insurance coverage at the time the alleged events in question occurred. Specifically, Plaintiff has included Defendant's Insurance Policies as Exhibit 61 on his Exhibit list. *See* Dkt. 189. Defendant believes that Plaintiff will seek to admit evidence regarding CYS's insurance coverage to buttress his fictional claims of abuse.

### III. ARGUMENT AND AUTHORITIES

#### A. This Court Has Authority to Grant this Motion *in limine*

A trial court has inherent power to entertain and grant a motion *in limine*. *See, e.g., Ohler v. United States*, 529 U.S. 753, 758 (2000); *United States v. Cook*, 608 F.2d 1175, 1186 (9th Cir. 1979).

A motion *in limine* may be brought on the same ground as any evidentiary objection, for the purpose of excluding evidence before it is offered at trial. In this

regard, a motion *in limine* may request that opposing counsel and witnesses be instructed not to mention objectionable matters before the jury, so as to avoid creating an improper inference in the jurors' minds, which a subsequent instruction to disregard may not remedy.

### B. This Court Should Also Exclude Any Reference to CYS's Filing of This Motion *in Limine*

To comment upon any of the matters set forth below, or to attempt to introduce such testimony or evidence, directly or indirectly, would be highly improper and prejudicial to CYS, even if the Court were to sustain an objection thereto and properly instruct the jury not to consider the facts. Accordingly, in addition to the specifics set forth in the following motion *in limine*, CYS requests that the Court order that no mention be made of the fact that this motion has been filed; or of any ruling by the Court in response to this motion; or suggesting or implying to the jury that CYS has moved to "exclude evidence" or to "prohibit" proof on any issue.

### C. Federal Rule of Evidence 411 Excludes Insurance Documents.

The Court must exclude evidence of insurance that covers the claims Plaintiff asserts. Federal Rule of Evidence 411 provides:

> Evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully. This rule does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency, ownership, or control, or bias or prejudice of a witness.

It is irrelevant and immaterial whether CYS possesses liability insurance coverage for any of the losses or damages alleged in the complaint. Testimony or other evidence regarding insurance coverage would be improper and highly prejudicial to CYS even if the Court were to sustain an objection thereto, and instruct the jury not to consider such evidence.

/ / /

### D. Insurance Documents Are Irrelevant and Prejudicial.

Evidence of whether or not CYS was insured is not relevant to any issue in this case. *In re Hanford Nuclear Reservation Litigation*, 534 F.3d 986, 1014 (9th Cir. 2007) (excluding evidence of liability insurance because it was irrelevant). Even if Plaintiff claims that the liability insurance is relevant, unfair prejudice substantially outweighs any claim of relevance and the Court should thus exclude the evidence. FED. R. EVID. 403.

## IV. CONCLUSION.

Based on the foregoing, Defendant respectfully requests that this Court issue an order prohibiting Plaintiff, his respective counsel, and any and all witnesses, from referring to, mentioning, inquiring into, commenting on, or attempting to suggest to the jury in any way or otherwise in the presence or hearing of any juror or prospective juror, at any time before or during the trial of issues as to liability and damages (including, without limitation, voir dire, opening statement, direct or cross-examination and closing argument), evidence of CYS's liability insurance.

DATED: April 1, 2013

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Daniel A. Adlong
Vince M. Verde
Carolyn Sieve
Daniel A. Adlong
Attorneys for Defendants
Children and Youth Services, Inc., dba West Ridge Academy

# CERTIFICATE OF SERVICE
## Norwood v. Children and Youth Services, Inc. et al.
## Case No. CV-10-7944 GAF (MANx)

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA 92626.

On April 1, 2013, I caused to be electronically filed the following document(s), described as:

**DEFENDANT'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 26 TO EXCLUDE EVIDENCE OF DEFENDANT'S INSURANCE COVERAGE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

with the Clerk of the United States District Court of Central District of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the following parties and counsel of record who are registered with the Court's CM/ECF System:

Michele M. Betti, Esq.　　　　　　　　　　Attorneys for Plaintiff
LAW OFFICES OF BETTI & ASSOCIATES　　ERIC NORWOOD
1732 Knoll Field Way
Encinitas, CA 92024
Tel: 760-500-5451
Fax: 760-454-2204
Email: mbettilaw@gmail.com

I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on April 1, 2013, at Costa Mesa, California.

Daniel A. Adlong　　　　　　　　　　　　/s/ Daniel A. Adlong
Type or Print Name　　　　　　　　　　　Signature

14565395.1